IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNETH COLLATT                                                                                         PLAINTIFF

vs.                                             CASE NO. **4:05CV01361GH**

JO ANNE B. BARNHART,                                                                                DEFENDANT
Commissioner, Social Security Administration

## **ORDER**

Plaintiff, Kenneth Collatt, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance.  Both parties have submitted briefs, and the case is ready for disposition.

The Court's function on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently.

*Roberts v. Apfel,*  222 F.3d 466, 468 (8th Cir. 2000) (citations omitted).

Plaintiff filed an application for Social Security Disability Insurance (SSD) benefits on May 17, 2002.  He alleges that he became disabled on May 30, 2001, due to three bulging discs in his neck and one ruptured disc in his lower back.  He also complains of migraines and depression.  His claims were denied initially and upon reconsideration. Pursuant to plaintiff's request, a  hearing was conducted by the Administrative Law Judge (ALJ) on October 14, 2003.  Plaintiff appeared with his counsel.  Also present and

-1-

testifying was Jerry Miller, a vocational expert (VE).

Plaintiff was 55 years old on the date of the ALJ's decision (Tr. 36). He completed high school and has additional auto-diesel mechanic training (Tr. 84). He has past relevant work (PRW) experience as a truck driver/equipment operator, mechanic, and cattle farmer (Tr. 65).

The ALJ undertook the familiar five-step analysis in determining whether plaintiff was disabled. [1]  Plaintiff took early retirement when the shop where he worked closed. Since that date, also the date of the alleged onset of disability, plaintiff has done some work.  The ALJ noted that plaintiff testified that he had worked driving a dump truck for a friend since the alleged onset date (Tr.239-240).  In fact, plaintiff testified at the hearing that he had worked driving the dump truck on two occasions three weeks before the hearing (Tr. 241). Plaintiff also lives on a farm and raises cattle (Tr. 242-43). Plaintiff reported a profit for the previous year from his farming activities. The ALJ , however, ultimately determined that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (Tr. 18). .

The ALJ further found that plaintiff has a history of diagnosis and/or treatment for degenerative disc disease, migraines and depression. The ALJ found, after reviewing the medical evidence, that plaintiff suffers from a combination of severe impairments but that the impairments did not meet the Listings for presumptive disability.   He concluded that plaintiff's allegations of depression are non-severe.

The ALJ evaluated plaintiff's subjective allegations and complaints pursuant to the

---

[1] The five-step sequential evaluation is as follows:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether he or she has a severe and medically determinable physical or mental impairment; (3) whether the claimant may be deemed disabled because  the impairment meets or equals a listed impairment in Appendix 1 to Subpart P, Title 20, Code of Federal Regulations; (4) whether the claimant is able to return to past relevant work, despite the impairment; and if not (5) whether the claimant can perform any other kind of work. 20 C. F. R. §§  416.920 and 404.1520.  *See Cox v. Barnhart*, 345 F. 3d 606 , 608 n. 1 (8th Cir. 2003).

criteria set forth in *Polaski v. Heckler*, 739 F. 2d 1320 (8th Cir. 1984).[2]  He found that the pain of which plaintiff complained was not of a duration, frequency or intensity as to be disabling or to preclude the performance of medium work activity (Tr. 17).  The ALJ found that plaintiff has the following limtiations: lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, standing and/or walking a total of 6 hours in an 8 hour day, and sitting a total of 6 hours in an eight hour day (Tr. 18).  The ALJ thus determined that plaintiff retained the RFC to perform medium work-related activities (Tr. 18).

The ALJ found that plaintiff could not perform his PRW and noted that the burden shifted to the Commissioner to show that there is other work available to plaintiff that exists in significant numbers in the national economy.  Relying on the Medical -Vocational Guidelines (the Guidelines), the ALJ found that plaintiff was not disabled (Tr. 19).

Plaintiff requested review of the ALJ's decision (Tr.7-8).  The Appeals Council denied his request for review on September 7, 2005 (Tr. 4-6).  Plaintiff then filed this action.

Plaintiff contends that the ALJ erred in relying on the Guidelines because plaintiff suffered from non-exertional impairments.

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether the claimant is "disabled" or "not disabled." Instead, testimony of a vocational expert must be taken. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the

---

[2]These include the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 739 F. 2d 1320, 1322 (8th Cir. 1984).

>full range of activities listed in the guidelines. . . In other words, the ALJ may rely on the guidelines to direct a conclusion of either disabled or not disabled without resorting to vocational expert testimony if the ALJ determines that a claimant's nonexertional limitations do not significantly affect the claimant's RFC.

*Reed v. Sullivan,* 988 F.2d 812, 816 (8th Cir. 1993) (citations omitted). *See Holz v. Apfel*, 191 F. 3d 945, 947 (8th Cir. 1999) (Commissioner may use the guidelines to find that claimant is not disabled if claimant does not have nonexertional impairments, or if the nonexertional impairment does not diminish claimant's RFC to perform the full range of activities listed in the guidelines. If nonexertional impairments significantly affect the RFC, however, the guidelines are not controlling and may not be used to direct a conclusion of not disabled.)

Plaintiff argues that the ALJ erred in finding plaintiff's depression not to be severe. The Court disagrees. The ALJ concluded that plaintiff's symptoms of depression "are not of such severity as to present any limitations in his ability to complete activities of daily living and maintain social functioning." The Court finds that there is substantial evidence in the record to support this finding. The medical evidence reflects that plaintiff has had a history of depression, for which he has been treated. He was on Prozac for about 6 years (Tr. 102). The evidence further reveals that plaintiff continued to work while suffering from depression. *See Gowell v. Apfel*, 242 F. 3d 793, 798 (8th Cir. 2001) (suubstantial evidence to support determination that plaintiff's mental impairments not severe where plaintiff worked for years with whatever impairments she has). There is nothing in the record to indicate that the depression from which he was suffering differed in kind or severity from that which he suffered in the past. Furthermore, plaintiff indicated that he was involved in social acitivites, including the Dixie Cars Club, and that he worked on his antique car as a hobby (Tr. 48-49).

Plaintiff also complained that the ALJ did not consider the post-operative effect of surgery on his knee. The surgery was in 1991 (Tr. 249) and plaintiff worked many years

after that surgery.   Furthermore, plaintiff testified that he could walk half a mile (Tr. 247) There is no evidence to support any assertion that plaintiff is limited by the effects of his knee surgery.

The ALJ acknowledged that plaintiff experienced pain but stated that the pain was not disabling.  He noted that the activities in which plaintiff engaged were not consistent with someone suffering from disabling pain.  In particular, plaintiff continued to drive a dump truck on occasion, and he farmed regularly.  Plaintiff completed a report of the activities in which he engaged in September 2002.  He reported cutting and baling hay, taking down an old fence, mowing , and doing house chores such as vacuuming, laundry, running errands, and general cleaning (Tr. 53).  He reportedly told his therapist that he was filing for disability so that he can travel (Tr. 100).

The medical record, however, supports plaintiff's complaints of pain.   He suffers from degenerative disc disease in his cervical and lumbar spine (Tr. 154).    He has been on a number of pain medications and muscle relaxants.  Medical records from Dr. Kirk Watson, plaintiff's family physician in Benton, noted that plaintiff had complaints of neck and back pain (e.g. Tr. 112)

In December, 2001,  Dr. Watson referred plaintiff to Dr. Reza Shahim, a neurosurgeon (Tr. 111). Dr. Shahim noted that plaintiff complained of neck and shoulder pain.  Dr. Shahim believed that plaintiff was not a candidate for surgery and that he could be best treated with anti-inflammatory medications and physical therapy.  If these failed, Dr. Shahim recommended trigger point injections and referral to a pain clinic if plaintiff desires (Tr. 92).

A report by Dr. Marianna Pardue on September 11, 2002 for Arkansas Rehabilitation Services found plaintiff to be suffering from degenerative disc disease, that the condition was permanent and that it was slowly progressive.  She noted that he was limited in his ability to stoop, bend, stand, kneel, lift and climb.  She advised that plaintiff

was to avoid stress (Tr. 147-148).

Plaintiff was referred to Dr. William Ackerman, who noted that plaintiff suffered from pain. Dr. Ackerman gave him an epidural steroid injection for the spinal pain and prescribed pain medation (Tr. 156 - 163).

Plaintiff testified to his pain at the hearing (Tr. 244- 247). He stated that prolonged sitting or standing as well as bending exacerbated the pain in his left hip and down his leg. He opined that he could lift 10 to 15 pounds on a sustained basis and no more than 30 pounds (Tr. 247). He stated that the pain has worsened as he has aged (Tr. 248). He has recently been under the care of a chiropractor and the manipulations and adjustments have been helpful in reducing some of the pain (Tr. 259-260).

Plaintiff also suffers from migraine headaches. These appear to be controlled by medication (Tr. 251 -253). Additionally, plaintiff has suffered from migraine headaches for a number of years and they have not appeared to interfere with his ability to engage in substantial gainful activity (Tr. 253-255)

The Court finds that the ALJ erred in failing to consider plaintiff's subjective complaints of pain associated with his degenerative disc disease. Because there is evidence of that plaintiff's pain signficiantly affected his ability to engage in medium work, the ALJ erred in relying on the Guidelines for a finding that plaintiff is not disabled.

Thus, the Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ improperly applied the Guidelines to direct a conclusion that plaintiff was not disabled without consulting the VE to assess plaintiff's RFC in light of his significant nonexertional impairments. *See Lucy v. Chater*, 113 F. 3d 905, 909 (8th Cir. 1997). Therefore, the case should be remanded to the Commissioner for reevaluation of plaintiff's RFC. Because plaintiff suffers from nonexertional impairments, a vocational expert must be called to determine whether there are jobs in the national economy which plaintiff can perform. *Draper v. Barnhart*, 425 F. 3d 1127, 1132 (8th Cir. 2005).

THEREFORE, the Court reverses the decision of the Commission and remands the case to the Commissioner with instructions to conduct further proceedings consistent with this Order.  This is a sentence-four remand.

IT IS SO ORDERED this 21st day of February, 2007.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE